IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

JERMAINE DUANE IRVIN
Reg. #45966-177                                                                PETITIONER

V.                      CASE NO. 2:17-CV-0013-DPM-JTK

GENE BEASLEY, *Warden*,
FCI-Forrest City, Arkansas[1]                                              RESPONDENT

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge D. P. Marshall, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge,

---

[1] The proper respondent is "the person" having custody over the petitioner. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-435 (2004). Mr. Beasley is the current Warden of Forrest City Medium Federal Correctional Institution.

1

you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A 149
> Little Rock, AR 72201-3325

## DISPOSITION

For the reasons explained below, it is recommended Petitioner's Petition for Writ of Habeas Corpus be DISMISSED without prejudice.

### Procedural History

Petitioner was found guilty by a jury of conspiracy to possess with intent to distribute 50 grams or more of a mixture and substance containing methamphetamine. (DE # 1, p. 12) The United States District Court for the Northern District of Texas sentenced him to 420 months' imprisonment within the guideline range of 360 to life. *Id.* The Fifth Circuit affirmed the judgment of the district court on June 10, 2014. *United States v. Irvin*, 571 F. App'x. 312 (5th Cir. 2014).

Petitioner is detained by the Bureau of Prisons in the FCI Forrest City Medium institution. (DE # 1)

On January 24, 2017, Petitioner filed this habeas petition, pursuant to 28 U.S.C. § 2241, stating the purpose of the petition is "to obtain foreclosure on a perfected claim where above named respondents are in default, by strict foreclosure." (DE # 1, p. 1) He explains that the grounds for his petition are: (1) that the respondents have no claim but that he has "a superior claim over respondents via security agreement"; (2) "respondents have failed to provide proof or show proof of claim that stands superior to mine via sworn affidavit and are in default"; and (3) "I have a perfected claim that has attached via the commercial affidavit process." (DE # 1, p. 4-5) Petitioner states that he has incurred damages in the amount of $783,000,000.00 because he did not consent to the use of his "common-law-copyrighted trade-name/trade-mark being used for commercial gain without my consent without compensation." *Id.* at 56-61. The relief requested is his release "due to respondents failure to rebut any of these instruments or to properly adjust the accounts." *Id.* at 5. On June 5, 2017, the Respondent filed his response stating that Petitioner's 28 U.S.C. § 2241 petition should be dismissed for lack of jurisdiction. This Court agrees.

## Discussion

The essence of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas is thus the exclusive remedy when an attack "goes directly to the constitutionality of [a prisoner's] physical confinement itself and seeks either immediate release from that confinement or the shortening of its duration." *Id.* at 489. If a Petitioner is not challenging the validity of his conviction or the length of his sentence, then habeas

relief is not proper, and furthermore, the district court lacks subject matter jurisdiction to issue such writ. *Kruger v. Erickson*, 77 F. 3d 1071, 1073 (8th Cir. 1996).

Petitioner does not raise any claims that challenge his conviction or sentence. This Court lacks jurisdiction to "obtain foreclosure on a perfected claim where above named respondents are in default, by strict foreclosure" as requested by Petitioner. While it is unclear exactly what cause of action Petitioner has alleged against the Respondent, it is clear that a writ of habeas corpus is not the proper remedy.

## Conclusion

Based on the foregoing, it is recommended that Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (DE # 1) be dismissed for lack of subject matter jurisdiction. All pending motions in this case are hereby DENIED.

SO ORDERED this 7th day of June, 2017.

_____
UNITED STATES MAGISTRATE JUDGE